IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CATALDO,<br><br>        Plaintiff,<br><br>  vs.<br><br>JAMES YATES, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV-F-07-0196 AWI DLB P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>[Doc. 8]<br><br>OBJECTIONS DUE MAY 1, 2007 |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. On April 5, 2007, plaintiff filed a motion requesting an immediate order requiring Pleasant Valley State Prison to restore his release date. The Court construes this as a motion for preliminary injunctive relief.

      The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable

injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). The Court has not yet screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Plaintiff is not entitled to preliminary injunctive relief until such time as the court finds that his complaint contains cognizable claims for relief against the named defendants and the named defendants have been served with the summons and complaint. At this juncture, plaintiff's motion for preliminary injunctive relief is premature. Plaintiff is cautioned to any further motions for preliminary injunctive relief that are filed before defendants are served with process in this case will be denied as premature.

In addition, plaintiff's complaint concerns his claims that he has not been transported for his followup medical appointments in violation of the Eighth Amendment. In his motion, plaintiff seeks a court order that Pleasant Valley State Prison reinstate his release date. The court is unable to issue any order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). Plaintiff's motion fails to link any alleged conduct or harm to a party named in this action. Pleasant Valley State Prison is not a party to this suit. In addition, plaintiff's complaint does not contain a cause of action for similar permanent injunctive relief. Because the federal court is a court of limited jurisdiction, as a threshold matter, the court must have before it a case or controversy. Flast v. Cohen, 392 U.S. 83, 88 (1968). Absent such a case or controversy, the court has no power to hear the matter. Rivera v. Freeman, 469 F.2d 1159, 1162-1163 (9th Cir. 1972).

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed on April 5, 2007, be denied, without prejudice, as premature.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). On Or before May 1, 2007, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to

1 file objections within the specified time may waive the right to appeal the District Court's order.
2 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

     IT IS SO ORDERED.

    **Dated:  April 10, 2007**                **/s/ Dennis L. Beck**
3c0hj8                                            UNITED STATES MAGISTRATE JUDGE