1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID CATALDO,

11            Plaintiff,                    1:07-CV-00196 ALA P

12        vs.

13   JAMES YATES, et al.,

14            Defendants.              <u>ORDER</u>

15   _____/

16        Plaintiff David Cataldo is a state prisoner proceeding pro se and in forma pauperis in this

17   civil rights action pursuant to 42 U.S.C. § 1983.  On December 20, 2006, Plaintiff filed a

18   complaint alleging a violation of Plaintiff's constitutional rights.  Examination of Plaintiff's

19   complaint finds that the Defendants are employees of a governmental entity.

20                              **I**

21        Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen

22   complaints brought against a governmental entity or officer or employee of a governmental

23   entity.  The court must dismiss the complaint if the claims contained in it, even when read

24   broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted,

25   or seek money damages from a defendant who is immune from such relief.  28 U.S.C. §

26   915(A)(b).  A claim "is frivolous [if] it lacks an arguable basis either in law or in fact."  *Neitzke*

1    *v. Williams*, 490 U.S. 319, 325 (1989).  "At this stage of the litigation, [this Court] must accept

2    [Plaintiff's] allegations as true."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A court

3    may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

4    that could be proved consistent with the allegations."  *Id.*

5        "To sustain an action under section 1983, a plaintiff must show (1) that the conduct

6    complained of was committed by a person acting under color of state law; and (2) that the

7    conduct deprived the plaintiff of a federal constitutional or statutory right."  *Hydrick v. Hunter*,

8    466 F.3d 676, 689 (9th Cr. 2006).

9                                                    **II**

10       Review of Plaintiff's complaint finds that the document is handwritten.  There is very

11   little space between words and sentences, and the writing is at times indecipherable.  As such, it

12   is not always clear what Plaintiff is alleging.  The court, and any defendant, must be able to fully

13   understand Plaintiff's allegations in order to proceed.  As such, Plaintiff's complaint will be

14   dismissed.

15                                                   **III**

16       To proceed Plaintiff must file a first amended complaint.  Any amended complaint must

17   show that the federal court has jurisdiction and that Plaintiff's action is brought in the right

18   place, that Plaintiff is entitled to relief if Plaintiff's allegations are true, and must contain a

19   request for particular relief.  Plaintiff must identify as a defendant only persons who personally

20   participated in a substantial way in depriving Plaintiff of a federal constitutional right.  *Johnson*

21   *v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

22   constitutional right if he does an act, participates in another's act or omits to perform an act he is

23   legally required to do that causes the alleged deprivation).  If Plaintiff contends he was the

24   victim of a conspiracy, he must identify the participants and allege their agreement to deprive

25   him of a specific federal constitutional right.

26       In an amended complaint, the allegations must be set forth in numbered paragraphs.  FED.

R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.
Fed. R. Civ. P. 18(a).  If Plaintiff has more than one claim based upon separate transactions or
occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d
1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.
84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and
directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting
point of a simplified pleading system, which was adopted to focus litigation on the merits of a
claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from Plaintiff's pleading all preambles, introductions, argument,
speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible
defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)
(affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El
v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of
Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim
and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an
opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,
the "[f]actual allegations must be enough to raise a right to relief above the speculative level on
the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell
Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

The court (and any defendant) should be able to read and understand Plaintiff's pleading
within minutes. *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many
defendants with unexplained, tenuous or implausible connection to the alleged constitutional

3

injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing Plaintiff's action pursuant to FED. R. CIV. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. FED. R. CIV. P. 11. Prison rules require Plaintiff to obey all laws, including this one, and Plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* 15 CAL. ADMIN. CODE § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule Plaintiff risks dismissal of his action.

**IV**

Therefore, IT IS HEREBY ORDERED that:

    1. Plaintiff's December 20, 2006, complaint is dismissed; and

    2. Plaintiff is granted thirty-five (35) days from the date of this order to file a first amended complaint. Failure to do so may result in dismissal of this action.

/////

Dated: January 16, 2008

    /s/ Arthur Alarcón
    UNITED STATES CIRCUIT JUDGE
    Sitting by Designation